IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA      :

   v.      :      Criminal No. ELH-19-0286

CHEYENNE ELLISON      :

## **MEMORANDUM AND ORDER**

Cheyenne Ellison was indicted on June 11, 2019 and charged with conspiracy to distribute controlled substances in violation of 21 U.S.C. 846. ECF 23. A superseding indictment was returned on June 25, 2019. ECF 96. The Defendant consented to detention on July 26, 2019. ECF 264. At the request of Defendant, a detention hearing was held on January 13, 2020 and an order of detention was entered by me on that date. ECF 357-58. On that date I found by clear and convincing evidence that there were no conditions or combination of conditions that would assure the presence of defendant at trial or the safety of the community. ECF 358. At the hearing the Court made findings of fact on the record and supplemented those with findings of additional reasons for detention in writing.

Defendant has now filed a Motion for Reconsideration relying upon the COVID-19 pandemic as changed circumstances for the Court to review. ECF 424. The government has responded, opposing release. ECF 426. The parties have fully briefed the issues and there is no need for a hearing. Local Rule 105.6. For the reasons set forth below, the motion is DENIED.

The Defendant does not set forth a viable challenge to the order of detention based upon the previous factors set forth in 3142(g) nor the Court's analysis of the danger the Defendant poses to the public. Instead the Defendant argues that he joined the conspiracy later in time (if at all). Defendant argues that his personal safety is at a higher risk and that higher risk minimizes the threat to public safety previously found by this Court, especially considering positive tested

persons at CTF. Defendant is not housed at CTF or any District Department of Corrections facility (DDOC). Defendant is housed at CDF where, at present there are no reported positive cases of COVID-19. The Defendant alleges no specific facts or medical information but has filed this boilerplate motion for release based upon the greater risk of exposure and contraction of COVID-19 for persons in detention facilities.

Defendant offers the alternative of home confinement with electronic monitoring as an alternative to his detention at CDF. Notably the Defendant offers no information regarding the conditions where he proposes to reside, for example, what size is the residence, how many people reside there, do any of the other residents have compromising medical conditions, or how can isolation or social distancing be accomplished. As stated below traditional electronic monitoring is not an option.

This Court will treat the motion as a motion for reconsideration due to the changed circumstances of the COVID-19 outbreak. 18 U.S.C. 3142(f). My decision is an individualized assessment as to this Defendant Cheyenne Ellison and pursuant to the motion and response, the record in this case and the arguments contained therein.

There is no new evidence presented to this Court that rebuts the presumption for detention of this Defendant nor ensures the safety of the community. I fully incorporate my findings on the record at the detention hearing of January 13, 2020 and my written order of that date. ECF 357-58. In this drug trafficking conspiracy and related charges, the government enjoys a presumption for detention. I found specifically as to Cheyenne Ellison on January 13, 2020, that he failed to produce credible evidence to overcome that presumption for detention. 18 U.S.C. 3142(e). The Defendant presents no change of circumstances regarding the 3142(g) factors to overcome the presumption at this time either. For the reasons stated previously by this Court and as set forth below, the Motion to Reconsider Detention is DENIED.

The Factors under 18 U.S.C. 3142(g)

The Defendant was intercepted in a Title III wiretap investigation targeting a violent drug trafficking organization operating in East Baltimore. He is described by the government as a "middle-man" brokering drug transactions among his co-conspirators. Search and seizure warrants authorized by the Court yielded large amounts of controlled substances, cash and firearms. In at least one of the seizures, the government has alleged the drugs seized were the direct result of this Defendant's activities in brokering drug deals. Drug trafficking and the presence of firearms, despite there being no evidence Defendant himself possessed the firearms seized, are serious offenses endangering the lives of everyone in the community. The seriousness of the offense weighs in favor of continued detention.

The weight of the evidence is strong in this case as to Cheyenne Ellison. He was intercepted in conversations with his co-defendants and drugs seized were directly linked to this Defendant through intercepted conversations. Defendant is facing a minimum mandatory sentence of 10 years to life imprisonment due to the nature and volume of drug trafficking involved in this drug trafficking conspiracy. As stated previously, although not charged specifically with a firearm offense, the indictment sets forth multiple firearms charges attributed to co-defendants in this conspiracy. The weight of the evidence favors continued detention.

The third factor under 3142(g) concerns the history and characteristics of the person. In light of Defendant's extensive criminal history consisting of at least four prior drug felony convictions with some of the charges resulting in violations of probation or release, all of the 3142(g) factors require detention. Defendant also has a second degree assault conviction that cannot be ignored. I have stated in writing and on the record, in this Court's experience there is no greater danger to the community than armed drug traffickers. Baltimore had 348 homicides last year and the surrounding counties suffered increases in homicides, many of which were drug

related. During this pandemic outbreak, there have been triple and quadruple shootings in Baltimore as well as individual homicides. While some street crime has seen reduced numbers (probably due to fewer people on the street), the pandemic event has not abated gun crime. Defendant does not challenge the clear and convincing evidence that he poses a threat to public safety. The history and characteristics of Defendant demands continued detention.

COVID-19

In evaluating the COVID-19 change of circumstances, I incorporate other decisions of this Court, (*United States v. Martin,* 2020 WL 127857 (D.Md. March 17, 2020)) and its progeny of Orders, including *United States v. Malik Gibson-Bey,* RDB 19-563 and others set forth in the government's response, including decisions I have authored as well. I fully adopt the reasonings and rulings of those Opinions and incorporate them into this Memorandum and Order as to Cheyenne Ellison.

In weighing the evidence presented by the government as to the response of CDF to the COVID-19 outbreak and incorporating the prior Memorandum Orders of this Court, I find that the protocols are reasonable under the circumstances. I find that releasing Defendant to home detention with Pretrial Supervision by clear and convincing evidence does not ensure the safety of the public and the presence of the Defendant. The new circumstances of COVID -19 are but one factor to consider. I have fully considered the impact of COVID-19 at CDF. The generalized risk factors Defendant presents do not outweigh the factors I have previously found requiring his continued detention. Defendant alleges he is at a higher risk of infection due to his presence at a detention facility. Even where positive cases have been found, the procedures and protocols set forth by CTF as stated in the previous opinions and the government's response, are reasonable under the circumstances. While the 8th Amendment argument counsel makes does not apply since Defendant

4

is not serving a sentence, there is no evidence to support a constitutional violation of due process in the continued detention of Cheyenne Ellison.

As to home detention, I have been advised by Probation and Pretrial Services that traditional location monitoring is no longer available due to the risks to pretrial services personnel. Even if those conditions existed, this Defendant, a person convicted of four prior drug felonies, second degree assault and violating supervision in the community with such an extensive criminal history is not a candidate for home detention. While this opinion has concentrated on the safety of the community, Defendant has failed to submit to supervision in the community and now is facing a minimum mandatory ten years to life imprisonment. There is little incentive for Defendant to suddenly submit to supervision now and appear at trial. Defendant again has failed to present evidence to rebut the presumption for detention. I find again by clear and convincing evidence that there are no conditions or combination of conditions that will ensure the Defendant's presence at trial and the safety of the community.

Accordingly, the motion (ECF 424) is DENIED. So Ordered this 14th day of April, 2020.

/s/
A. David Copperthite
United States Magistrate Judge